**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

PAUL A. FIORAVANTI, JR.
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

Date Submitted: November 1, 2024
Date Decided: December 13, 2024

F. Peter Conaty, Jr., Esquire
Beth Knight, Esquire
Travis S. Hunter, Esquire
Sara M. Metzler, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801

Gregory J. Weinig, Esquire
Shaun Michael Kelly, Esquire
Connolly Gallagher LLP
1201 North Market Street, 20th Floor
Wilmington, DE 19801

William M. Kelleher, Esquire
Phillip A. Giordano, Esquire
Gordon, Fournaris & Mammarella, P.A.
1925 Lovering Avenue
Wilmington, DE 19806

RE:  *In the Matter of the Helene Eicoff Barrington Living Trust U/A/D
June 29, 2015, as amended*, C.A. No. 2020-0782-PAF

Dear Counsel:

This letter addresses the petitioners' motion for summary judgment filed in

this action.[1]

---

[1] Citations to the docket in this action are in the form of "Dkt. [#]." Given that there are
multiple parties with the surname "Eicoff" featured in this action, this letter refers to such
parties by their first names. No disrespect is intended.

*In the Matter of the Helene Eicoff Barrington Living Trust*
*U/A/D June 29, 2015, as amended*
C.A. No. 2020-0782-PAF
December 13, 2024
Page 2 of 28

## I. FACTUAL BACKGROUND

This action is one of many in a years-long dispute regarding the administration of the estate of Helene Eicoff. Helene's estate plan included a will, various life insurance policies, and several trusts, including: (1) The Helene Eicoff Revocable Trust U/A/D June 5, 1991, as amended (the "Living Trust"); (2) The Alvin Eicoff and Helene Eicoff Joint Irrevocable Trust U/A/D April 8, 1991, as amended (the "Irrevocable Trust"); and (3) The Helene Eicoff Barrington Living Trust U/A/D June 29, 2015, as amended (the "Barrington Trust").[2]

On December 11, 2019, Helene executed her last will and testimony (the "Will") with the assistance of her attorney, Steven A. Felsenthal.[3] Helene also amended and restated the Barrington Trust and designated Felsenthal as co-trustee.[4] Helene died on May 6, 2020, in Florida.[5] Helene is survived by her two granddaughters, Leanne Eicoff and Amber Eicoff.[6] Following Helene's death, the Barrington Trust became irrevocable, and The Northern Trust Company of Delaware

---

[2] Dkt. 1 ¶¶ 1, 18, 22, 24 ("Petition").

[3] *Id.* ¶ 18.

[4] *Id.* ¶ 13.

[5] *Id.* ¶¶ 14, 17.

[6] *Id.* ¶¶ 5–6. Amber is not a party to these proceedings.

*In the Matter of the Helene Eicoff Barrington Living Trust*
*U/A/D June 29, 2015, as amended*
C.A. No. 2020-0782-PAF
December 13, 2024
Page 3 of 28

("NTCD") was designated to serve as successor co-trustee, together with Felsenthal

(the "Trustees").[7]  The Trustees are the petitioners in this action.

## A.    The Barrington Trust

The Barrington Trust agreement (the "Barrington Trust Agreement") provides

that certain trusts will be created for the benefit of Leanne and Amber if they survive

Helene.  Section 3.2 provides:  "If either the Grantor's granddaughter, Leanne, or

any descendant of Leanne, survives the Grantor by thirty (30) days, the Trustee shall

set aside and allocate such cash, securities and other assets with a fair market value

on the date of distribution of Two Million Dollars ($2,000,000) ('Leanne's

Distribution')," and "the Trustee shall retain Leanne's Distribution in further

trust . . . to be held, administered, and distributed under the terms and conditions of

Article V."[8]  Article V provides that Leanne's trust "shall be administered for the

benefit of Leanne and any descendant of hers living from time to time[.]"[9]  Section

5.2 further provides that the Trustee "may distribute the net income and principal"

of Leanne's trust "to or for any beneficiary of [the trust], at any time and from time

---

[7] *Id.* ¶¶ 14–15; Petition Ex. A § 1.2 ("Barrington Trust Agreement").

[8] Barrington Trust Agreement § 3.2.

[9] *Id.* Art. V.

*In the Matter of the Helene Eicoff Barrington Living Trust*
*U/A/D June 29, 2015, as amended*
C.A. No. 2020-0782-PAF
December 13, 2024
Page 4 of 28

to time, as the Trustee deems necessary or advisable for the beneficiary's best interests," until the termination date of the trust.[10]

The Barrington Trust Agreement contains a no-contest clause (the "No-Contest Clause").[11] Section 14.1 provides, in pertinent part:

> If any person who is a devisee, legatee or beneficiary referred to in the Will of the Grantor, or in this [Barrington] Trust Agreement, or in the Living Trust Agreement, or any heir of the Grantor or third person claiming rights derived from such person previously mentioned (including but not limited to a spouse or surviving spouse of any such person), does directly or indirectly engage in any of the following conduct, then in that event the Grantor specifically disinherits each such person, and such person, and all descendants of such person, shall thereby be deemed to have predeceased the Grantor, so that all legacies, bequests, devises[,] distributions, gifts, powers, and interests given under this [Barrington] Trust Agreement to that person shall be null and void; and therefore the Trustee shall administer this [Barrington] Trust Agreement as if such person, and all descendants of such person, have predeceased the Grantor:

---

[10] *Id.* § 5.2. Upon the termination date, the Trustee is required to distribute "all of the net income and principal of the [trust] to Leanne, if she is then living, outright and free from trust." *Id.* § 5.3.

[11] A no-contest clause, also known as an *in terrorem* or forfeiture clause, is a "provision in a donative document purporting to rescind a donative transfer to, or a fiduciary appointment of, any person who institutes a proceeding challenging the validity of all or part of the donative document[.]" Restatement (Third) of Property (Wills & Don. Trans.) § 8.5 (Am. L. Inst. 2003) ("Third Restatement"); Deborah S. Gordon, *Forfeiting Trust*, 57 Wm. & Mary L. Rev. 455, 465 (2015) (explaining that no-contest clauses are "directed towards the most common types of will 'attacks,' which contest the validity of the testamentary instrument or any of its components").

*In the Matter of the Helene Eicoff Barrington Living Trust*
*U/A/D June 29, 2015, as amended*
C.A. No. 2020-0782-PAF
December 13, 2024
Page 5 of 28

(a) Contests the Will of the Grantor, the Living Trust Agreement, or this [Barrington] Trust Agreement or, in any manner, attacks or seeks to impair or invalidate any of the provisions thereof . . .

(i) Attacks or seeks to impair or invalidate any of the following, whether or not any such attack or attempt is successful:

(i) any designation made or to be made by the Grantor during her lifetime, of beneficiaries for any insurance policy on the Grantor's life;

(ii) any designation made or to be made by the Grantor during her lifetime, of beneficiaries for any pension, profit sharing, or retirement plan benefits or IRA account;

(iii) any trust that the Grantor created or may create during the Grantor's lifetime or any provision thereof . . . .[12]

The Barrington Trust Agreement defines "beneficiary" as "a person to whom the Trustee of a separate trust is then directed or authorized to distribute net income or principal, or both, from the trust estate of such trust," unless otherwise expressly identified in the Barrington Trust Agreement.[13] The Barrington Trust Agreement is governed by Delaware law and designates this court as the exclusive forum to resolve any disputes.[14]

---

[12] Barrington Trust Agreement § 14.1.

[13] *Id.* § 10.1.

[14] *Id.* § 9.2. If the trustee or all co-trustees reside in a state other than Delaware, then they may elect, in writing, to have the laws of a different state govern the Barrington Trust. *Id.* The Trustees have not elected to have another state's laws govern the Barrington Trust.

*In the Matter of the Helene Eicoff Barrington Living Trust*
*U/A/D June 29, 2015, as amended*
C.A. No. 2020-0782-PAF
December 13, 2024
Page 6 of 28

### B.     Litigation in Florida and This Court

On May 29, 2020, shortly after Helene's death, Leanne filed an action with the Probate Division in Palm Beach, Florida, seeking to be appointed as the personal representative over an intestate administration of Helene's estate (the "Estate Action").[15]  Northern Trust Company, an affiliate of NTCD, filed a counter-petition to be the estate's representative and disclosed the Will for the first time.[16]  In response, Leanne challenged the validity of the Will, alleging that it was procured by fraud, duress, mistake, or undue influence by Felsenthal.[17]

On August 25, 2020, Leanne filed another lawsuit in Florida state court regarding the Irrevocable Trust (the "Irrevocable Trust Action").[18]  In the Irrevocable Trust Action, Leanne challenged a determination made by the trustee of the Irrevocable Trust concerning the named beneficiaries of the Irrevocable Trust.[19]

On September 15, 2020, the Trustees filed the Verified Petition for Instruction in this action (the "Instruction Action").[20]  The Trustees allege that Leanne violated

---

[15] Petition ¶ 18; *see* Dkt. 57 ("Transmittal Aff.") Ex. C.

[16] Petition ¶¶ 18–19.

[17] *Id.* ¶ 19.

[18] *Id.* ¶ 22; *see* Dkt. 9 Ex. 9.

[19] Petition ¶ 22.

[20] Dkt. 1.

*In the Matter of the Helene Eicoff Barrington Living Trust*
*U/A/D June 29, 2015, as amended*
C.A. No. 2020-0782-PAF
December 13, 2024
Page 7 of 28

the No-Contest Clause by filing the Estate Action and the Irrevocable Trust Action, and by interfering with the distribution of one of Helene's life insurance policies by directing the insurer, AXA Life Insurance Company, "to freeze all accounts" pending a court order permitting distributions.[21] The Trustees seek an instruction from the court pursuant to 10 *Del. C.* § 6504 that Leanne's conduct violated the No-Contest Clause, that Leanne is no longer a beneficiary of the Barrington Trust, and that the Trustees should treat Leanne as having predeceased Helene under the terms of the No-Contest Clause.[22]

Three weeks after the Trustees filed the Instruction Action, Leanne filed a lawsuit in Florida state court challenging the validity of the Living Trust (the "Florida Living Trust Action").[23] On October 14, 2020, four days after filing the

---

[21] Petition ¶ 31 (internal quotation marks omitted).

[22] *Id.* ¶ 32. Section 6504 provides that:

> Any person interested as or through an executor, administrator, trustee . . . in the administration of a trust, or the administration of the estate of a decedent . . . may have a declaration of rights or legal relations in respect thereto . . . [t]o ascertain any class of creditors, devisees, legatees, heirs, next-of-kin or others; or . . . [t]o determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings.

10 *Del. C.* § 6504.

[23] Pet'rs' Opening Br. 5.

*In the Matter of the Helene Eicoff Barrington Living Trust*
*U/A/D June 29, 2015, as amended*
C.A. No. 2020-0782-PAF
December 13, 2024
Page 8 of 28

Florida Living Trust Action, Leanne filed a duplicative action in this court to preserve her rights under 12 *Del. C.* § 3546 (the "Delaware Living Trust Action").[24] That same day, Leanne moved to dismiss or stay the Instruction Action.[25]

On October 27, 2020, Leanne filed another lawsuit in Florida state court, challenging the instruments governing the Barrington Trust (the "Florida Barrington Trust Action").[26] Leanne filed a duplicative action in this court two days later to preserve her statutory rights under 12 *Del. C.* § 3546 (the "Delaware Barrington

---

[24] *Id.* The Delaware Living Trust Action is captioned: *In The Matter of The Helene Eicoff Revocable Trust Originally Created Under Trust Agreement Dated June 5, 1991*, C.A. No. 2020-0889-PAF (Del. Ch.). Leanne filed the Delaware Living Trust Action and the Florida Living Trust Action in response to notices sent by the Trustees in June and July 2020. *See* Petition ¶ 21; Transmittal Aff. Exs. D–E. These notices informed Leanne that she had 120 days to initiate a judicial proceeding challenging the Living Trust under 12 *Del. C.* § 3546. Transmittal Aff. Ex. D at 2; *see* 12 *Del. C.* § 3546(a)(1) ("A judicial proceeding to contest whether a revocable trust or any amendment thereto, or an irrevocable trust was validly created may not be initiated later than the first to occur of . . . [o]ne hundred twenty days after the date that the trustee notified in writing the person who is contesting the trust of the trust's existence, of the trustee's name and address, of whether such person is a beneficiary, and of the time allowed under this section for initiating a judicial proceeding to contest the trust[.]"). Leanne was concerned that an interpretation of Section 3546 might require the judicial proceeding to be initiated in Delaware, so she filed the Delaware Living Trust Action as a precaution. Delaware Living Trust Action, Dkt. 1 ¶¶ 46–47.

[25] Dkt. 5.

[26] Pet'rs' Opening Br. 5–6; Transmittal Aff. Ex. F.

*In the Matter of the Helene Eicoff Barrington Living Trust*
*U/A/D June 29, 2015, as amended*
C.A. No. 2020-0782-PAF
December 13, 2024
Page 9 of 28

Trust Action").[27]  On January 7, 2021, Leanne filed a motion to dismiss or stay the Delaware Barrington Trust Action and the Delaware Living Trust Action.[28]  On November 16, 2021, the court stayed the Delaware Barrington Trust Action, the Delaware Living Trust Action, and the Instruction Action in favor of the actions in Florida (the "Stay Order").[29]

On February 23, 2024, Leanne voluntarily dismissed the Florida Barrington Trust Action without prejudice.[30]  In response, the Trustees filed a motion to lift the stay in the Delaware Barrington Trust Action and the Instruction Action on June 6, 2024.[31]  On August 2, 2024, the court granted the Trustees' motion and lifted the

---

[27] Pet'rs' Opening Br. 5.  The Delaware Barrington Trust Action is captioned:  *In The Matter of The Helene Eicoff Barrington Living Trust Originally Created Under Agreement Dated June 29, 2015*, C.A. No. 2020-0925-PAF (Del. Ch.).

[28] Delaware Barrington Trust Action, Dkt. 8; Delaware Living Trust Action, Dkt. 10.

[29] Dkt. 29.  The court directed the parties to file quarterly status reports.  Dkt. 30 at 24:2–6.

[30] Pet'rs' Opening Br. 6; Transmittal Aff. Ex. G.  The Florida court subsequently issued an order stating:  "The action is dismissed without prejudice in accordance with Leanne Eicoff's verbal announcement that she is voluntarily dismissing this action without prejudice in accordance with Fla. R. Civ. P. 1.420."  *Id.*  In March 2024, the Trustees filed a motion seeking fees in the Florida Barrington Trust Action.  Resp't's Answering Br. 4; *id.* Ex. 2 at 10.  As of October 17, 2024, the Trustees' fee motion remained pending. Resp't's Answering Br. 4.

[31] Dkt. 43.

*In the Matter of the Helene Eicoff Barrington Living Trust*
*U/A/D June 29, 2015, as amended*
C.A. No. 2020-0782-PAF
December 13, 2024
Page 10 of 28

stay in the Delaware Barrington Trust Action and the Instruction Action as of August 30, 2024, at 5:00 p.m.[32]

On September 11, 2024, Leanne filed a motion to stay the Delaware Barrington Trust Action and the Instruction Action through November 6, 2024, in anticipation of a global mediation of the Delaware and Florida disputes.[33] On September 17, 2024, the Trustees filed a motion for summary judgment (the "Motion").[34] The parties filed a stipulated briefing schedule on September 30, 2024, which the court entered the next day (the "Scheduling Order").[35] On October 7, 2024, the court entered an order staying fact discovery in the Delaware Barrington Trust Action and the Instruction Action, but allowed briefing on the Motion to proceed in accordance with the Scheduling Order.[36] The Motion was fully submitted on November 1, 2024.[37]

---

[32] Dkt. 49. The Delaware Living Trust Action remains stayed.

[33] Dkt. 54.

[34] Dkt. 55.

[35] Dkts. 60–61.

[36] Dkt. 64.

[37] Dkt. 66.

*In the Matter of the Helene Eicoff Barrington Living Trust*
*U/A/D June 29, 2015, as amended*
C.A. No. 2020-0782-PAF
December 13, 2024
Page 11 of 28

## II.    ANALYSIS

Summary judgment may be granted only when "there is no genuine issue as to any material fact," and the "moving party is entitled to a judgment as a matter of law." Ct. Ch. R. 56(c). When considering an application for summary judgment, "the court must view the evidence in the light most favorable to the non-moving party." *Merrill v. Crothall-Am., Inc.*, 606 A.2d 96, 99 (Del. 1992). "Mere allegations or denials are not sufficient to avoid summary judgment." *Comet Sys., Inc. S'holders' Agent v. MIVA, Inc.*, 980 A.2d 1024, 1032 (Del. Ch. 2008). Rather, Court of Chancery Rule 56(e) states that "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Ct. Ch. R. 56(e). The court "will not indulge in speculation and conjecture; a motion for summary judgment is decided on the record presented and not on evidence potentially possible." *AuditBOT, Inc. v. Mariyappan*, 2023 WL 5223275, at *4 (Del. Super. Aug. 15, 2023) (internal quotation marks omitted).

"Summary judgment is the proper framework for enforcing unambiguous contracts because there is no need to resolve material disputes of fact." *HIFN, Inc.*

*In the Matter of the Helene Eicoff Barrington Living Trust*
*U/A/D June 29, 2015, as amended*
C.A. No. 2020-0782-PAF
December 13, 2024
Page 12 of 28

*v. Intel Corp.*, 2007 WL 1309376, at *9 (Del. Ch. May 2, 2007). When interpreting a contract, the court construes it "in accordance with [its] terms to give effect to the parties' intent" and "give[s] words their plain meaning unless it appears that the parties intended a special meaning." *Norton v. K-Sea Transp. P'rs L.P.*, 67 A.3d 354, 360 (Del. 2013). "Just as a court relies on the unambiguous language of a contract to establish the parties' intent, a court relies on the unambiguous language of a trust instrument [to] establish[] the settlor's intent." *Wilm. Tr. Co. as Tr. of A. Felix Du Pont Tr. dated Dec. 28, 1934 v. Mills*, 2021 WL 2620585, at *8 (Del. Ch. June 25, 2021), *aff'd sub nom. Wyeth v. Mills*, 274 A.3d 285 (Del. 2022) (TABLE).

"Delaware courts apply a 'seminal' rule of construction when interpreting trust agreements: the settlor's intent controls the interpretation of the instrument. Such intent must be determined by considering the language of the trust instrument, read as an entirety, in light of the circumstances surrounding its creation." *In re Peierls Fam. Inter Vivos Trs.*, 77 A.3d 249, 263 (Del. 2013) (internal quotation marks omitted); *accord Ughetta v. Cist*, 2015 WL 3430094, at *12 (Del. Ch. May 29, 2015), *as adopted*, 2016 WL 4129059 (Del. Ch. Aug. 3, 2016), *aff'd*, 177 A.3d 70 (Del. 2017) (TABLE). "The words used in the instrument will be given their ordinary meaning and the Court will not consider extrinsic evidence to vary or

*In the Matter of the Helene Eicoff Barrington Living Trust*
*U/A/D June 29, 2015, as amended*
C.A. No. 2020-0782-PAF
December 13, 2024
Page 13 of 28

contradict express provisions of a trust instrument that are clear, unambiguous and susceptible of only one interpretation." *DiSabatino v. Diferdinando*, 2002 WL 2005743, at \*2 (Del. Ch. Aug. 13, 2002) (internal quotation marks omitted), *aff'd*, 808 A.2d 1204 (Del. 2002) (TABLE).

The Trustees argue that there are no material facts in dispute preventing a final determination of the beneficiaries of the Barrington Trust and ask the court to provide the instruction sought in the petition.[38]  The Trustees argue that Leanne's conduct challenging the Barrington Trust, the Living Trust, and the Will triggered the No-Contest Clause, disqualifying her as a beneficiary of the Barrington Trust under the clear and unambiguous language of the Barrington Trust Agreement.[39]

Leanne is a beneficiary of the Barrington Trust under the plain language of the Barrington Trust Agreement.  The Barrington Trust Agreement defines beneficiary as "a person to whom the Trustee of a separate trust is then directed or authorized to distribute net income or principal, or both, from the trust estate of such

---

[38] Pet'rs' Opening Br. 2, 12.

[39] *Id.* at 10–12.  Leanne filed her claims challenging the validity of the Barrington Trust and the Living Trust after the Trustees filed their petition in this action, and the Trustees did not at any point amend their petition.  Leanne has not raised any objections to the court considering these claims when deciding the Motion.  In fact, Leanne submitted a copy of her petition in the Florida Barrington Trust Action into the record.  Resp't's Answering Br. Ex 1.

*In the Matter of the Helene Eicoff Barrington Living Trust*
*U/A/D June 29, 2015, as amended*
C.A. No. 2020-0782-PAF
December 13, 2024
Page 14 of 28

trust."[40]  The Barrington Trust Agreement provides for the creation and funding of a $2 million trust for the benefit of Leanne, and that the trust will be "administered for the benefit of Leanne and any descendant of hers living from time to time[.]"[41] Further, the Trustees are authorized to distribute the net income and principal of the trust to Leanne and her beneficiaries.[42]  Accordingly, Leanne is a beneficiary of the Barrington Trust.

Leanne's challenges to the validity of the Barrington Trust, the Living Trust, and the Will triggered the No-Contest Clause.  The plain language of the No-Contest Clause provides that any beneficiary who challenges the validity of the Barrington Trust, the Living Trust, or the Will forfeits his or her rights as a beneficiary of the Barrington Trust.  The undisputed record establishes that Leanne's conduct falls within the scope of the No-Contest Clause.  For example, in the Florida Barrington Trust Action, Leanne sought to have the Barrington Trust Agreement declared void on the grounds of undue influence by Felsenthal, Helene's attorney.[43]  The complaint

---

[40] Barrington Trust Agreement § 10.1.

[41] *Id.* Art. V.

[42] *Id.* §§ 5.2–5.3.

[43] Transmittal Aff. Ex. F ¶ 45 ("This is an action to void the Trust executed by Helene Eicoff on December 11, 2019 due to the undue influence of Steven Felsenthal.").

*In the Matter of the Helene Eicoff Barrington Living Trust*
*U/A/D June 29, 2015, as amended*
C.A. No. 2020-0782-PAF
December 13, 2024
Page 15 of 28

in the Florida Barrington Trust Action alleged that Felsenthal "was in a close, confidential relationship with Helene [] and used undue influence, artful and/or fraudulent contrivances, persuasion over persuasion, pressure, duress, coercion, or force to unduly influence Helene [] and to destroy her free agency and her own will and influence her into executing the [Barrington] Trust."[44] In the Estate Action and the Florida Living Trust Action, Leanne contests the validity of the Will and the Living Trust, respectively, on similar grounds of undue influence. These actions "seek[] to impair or invalidate" the provisions of the Barrington Trust, the Living Trust, and the Will.[45] Accordingly, Leanne engaged in conduct that triggered the express terms of the No-Contest Clause. *See In re JCM 2001 Tr. for Grandchildren FBO Robert C. Beyer*, C.A. No. 2023-1097-SEM, at 11:10–15 (Del. Ch. Nov. 12, 2024) (TRANSCRIPT) (concluding that a beneficiary's request for a court order directing the trustee to consent to the appointment of a successor trustee "is at odds with the settlor's intent reflected" in the trust and "implicates the no contest

---

[44] *Id.* ¶ 46. In the Delaware Barrington Trust Action, Leanne asserts the same allegations and seeks the same relief. Delaware Barrington Trust Action, Dkt. 1. Leanne asks the court to "[d]eclare void on the grounds of undue influence the [Barrington] Trust Agreement, and any other Purported Governing Instruments." *Id.* at 12.

[45] Barrington Trust Agreement § 14.1(a).

*In the Matter of the Helene Eicoff Barrington Living Trust*
*U/A/D June 29, 2015, as amended*
C.A. No. 2020-0782-PAF
December 13, 2024
Page 16 of 28

provisions' bar on beneficiaries seeking to prevent a provision of the trust from being carried out according to its plain terms").

Leanne does not dispute that she is a beneficiary of the Barrington Trust, or that her conduct contesting the Barrington Trust, the Living Trust, and the Will triggered the No-Contest Clause. Instead, Leanne opposes the Motion on the grounds that it is premature. Leanne argues that the Motion is premature because (1) she has not filed a responsive pleading in this action; (2) there are genuine issues of material fact as to whether she "prevailed substantially" within the meaning of 12 *Del. C.* § 3329(b) in her challenge to the Barrington Trust in Florida because she dismissed her claims in the Florida Barrington Trust Action without prejudice; and (3) she could still prevail substantially in the Delaware Barrington Trust Action.[46] This letter addresses each in turn.

Leanne first argues that she has not answered the petition or asserted affirmative defenses in this action, and that "if [she] had an opportunity to answer the Trustees' Petition, she would have asserted affirmative defenses that would raise genuine issues of material fact regarding the [No-Contest] Clause's validity and

---

[46] Resp't's Answering Br. 1–2.

*In the Matter of the Helene Eicoff Barrington Living Trust*
*U/A/D June 29, 2015, as amended*
C.A. No. 2020-0782-PAF
December 13, 2024
Page 17 of 28

applicability[.]"[47]  The Trustees argue that the court should not give this argument any weight because Leanne has failed to identify any specific affirmative defenses or disputed facts that would preclude the entry of summary judgment.[48]

Leanne's argument is not persuasive.  As Leanne acknowledges, the Motion is procedurally proper under Rule 56.[49]  Rule 56(a) provides that "[a] party seeking to recover upon a claim, counter claim, cross-claim or declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action" move for "a summary judgment in the party's favor upon all or any part thereof."  Ct. Ch. R. 56(a).  There is nothing in Rule 56 that prevents a party from filing a motion for summary judgment before a responsive pleading has been filed, and Leanne points to no case where this court has denied summary judgment on those grounds.  Further, Leanne does not identify what affirmative defenses she would assert, or what issues of material fact they would raise.  Leanne also does not provide any explanation as to why she has not yet raised any affirmative defenses.  The court lifted the stay in

---

[47] *Id.* at 6–7.

[48] Pet'rs' Reply Br. 2.

[49] Resp't's Answering Br. 6 ("Petitioner has not yet had an opportunity to file a responsive pleading in this action, and while the Court of Chancery Rules technically allow the Trustees to file a motion for summary judgment, genuine issues of material fact remain here that render entry of judgment inappropriate at this stage.").

*In the Matter of the Helene Eicoff Barrington Living Trust*
*U/A/D June 29, 2015, as amended*
C.A. No. 2020-0782-PAF
December 13, 2024
Page 18 of 28

the Delaware Barrington Trust Action and the Instruction Action as of August 30, 2024. Leanne could have filed affirmative defenses during the intervening period, or in response to the Motion, but she did not do so. The fact that Leanne has not had an opportunity to file a responsive pleading is, to a certain extent, a product of her own making. More important, Leanne did not file a Rule 56(e) affidavit.

Leanne cites two Delaware cases in support of her position, both of which are distinguishable. In *Medek v. Medek*, 2008 WL 4261017 (Del. Ch. Sept. 10, 2008), this court denied the plaintiff's motion for summary judgment on a breach of contract claim because there were disputed issues of material fact regarding the agreement's scope and interpretation. *Id.* at *9. The court denied the plaintiff's motion for summary judgment as to the defendants' affirmative defenses of estoppel and unclean hands for the same reasons. *Id.* at *10. Here, Leanne has not raised any affirmative defenses, nor has she identified any disputed facts that would support denying summary judgment.[50]

---

[50] As the Trustees point out, the *Medek* court *granted* the plaintiff's motion for summary judgment on the defendants' affirmative defenses of laches and waiver because the defendants "[did] not show[] the existence of any disputed issues of material fact" or "explain why they would [] need[] any discovery" to meet their burden of proof on those affirmative defenses. 2008 WL 4261017, at *10. Leanne has not asserted any affirmative defenses or explained why she would need discovery.

*In the Matter of the Helene Eicoff Barrington Living Trust*
*U/A/D June 29, 2015, as amended*
C.A. No. 2020-0782-PAF
December 13, 2024
Page 19 of 28

Similarly, in *Cape Windsor Property Owners Association v. Duckett*, 1980 WL 81861 (Del. Ch. Mar. 3, 1980), the court denied the plaintiff's motion for summary judgment based upon the defendants' Rule 56(e) affidavit. The defendants asserted affirmative defenses but did not set forth any specific facts to support their affirmative defenses in their answer or in their Rule 56(e) affidavit. *Id.* at *1. Nevertheless, the court, in a short opinion, denied summary judgment, stating that the plaintiff "should have required defendants to state the factual circumstances upon which they rely for their affirmative defenses" before filing its motion, and the "present state of the record makes it impossible to determine whether there is any dispute as to any material facts in connection with the affirmative defenses." *Id.* Here, Leanne has not filed an answer, has not asserted affirmative defenses, and has not submitted an affidavit pursuant to Rule 56(e). *Duckett*, therefore, is inapposite.

Leanne next argues that there is a genuine issue of material fact regarding the enforceability of the No-Contest Clause. Specifically, Leanne argues that she may reassert her claims challenging the validity of the Barrington Trust in Florida, and therefore, she could still substantially prevail on those claims, which would render the No-Contest Clause unenforceable under 12 *Del. C.* § 3329(b)(2).[51] The Trustees

---

[51] Resp't's Answering Br. 7–8.

*In the Matter of the Helene Eicoff Barrington Living Trust*
*U/A/D June 29, 2015, as amended*
C.A. No. 2020-0782-PAF
December 13, 2024
Page 20 of 28

argue that Leanne dismissed her claims in the Florida Barrington Trust Action, and therefore, she did not substantially prevail in her challenge to the Barrington Trust.[52]

"Delaware law generally enforces no-contest clauses absent certain exceptions[.]" *Mitchell v. Reynolds*, 2009 WL 132881, at *13 (Del. Ch. Jan. 6, 2009); *see In re Niki & Darren Irrevocable Tr.*, Consol. C.A. No. 2019-0302-SG, at 31:24–32:3 (Del. Ch. Dec. 19, 2019) (TRANSCRIPT) ("[*I*]*n terrorem* clauses are clauses of waiver and forfeiture. They're permitted because they have a utility, and they're specifically permitted by statute."). This general rule is codified in 12 *Del. C.* § 3329. Section 3329(a) provides:

> A provision of a will or trust that if given effect would reduce or eliminate the interest of any beneficiary of such will or trust who initiates or participates in an action to contest the validity of such will or trust or to set aside or vary the terms of such will or trust shall be enforceable.

12 *Del. C.* § 3329(a). Section 3329(b) "carves out certain types of actions from the validating effect of Section (a)." *In re Doris P. Glenn Revocable Tr.*, C.A. No. 2019-0498-JRS, at 37:10–12 (Del. Ch. May 27, 2020) (TRANSCRIPT). There are five exceptions enumerated in Section 3329(b).[53] Under subsection (b)(2), a no-contest

---

[52] Pet'rs' Opening Br. 11; Pet'rs' Reply Br. 5.

[53] Section 3329(b)(2) is the only exception at issue here. Neither party argues that the other exceptions are applicable.

*In the Matter of the Helene Eicoff Barrington Living Trust*
*U/A/D June 29, 2015, as amended*
C.A. No. 2020-0782-PAF
December 13, 2024
Page 21 of 28

clause is not enforceable as to "[a]ny action in which the beneficiary is determined by the court to have prevailed substantially." 12 *Del. C.* § 3329(b)(2).[54]

When interpreting statutes, Delaware courts "give the words in the statute their plain meaning" and "ascribe a purpose to the General Assembly's use of statutory language, construing it against surplusage, if reasonably possible." *Taylor v. Diamond State Port Corp.*, 14 A.3d 536, 538 (Del. 2011). Section 3329(a) plainly states that a provision of a trust instrument that, if given effect, would eliminate the interest of a beneficiary who initiates an action to contest the validity of the trust or to set aside or vary the terms of the trust is enforceable. The No-Contest Clause provides that a beneficiary forfeits her interest in the Barrington Trust if she contests the validity of the Barrington Trust Agreement or any provision thereof. Leanne undisputably triggered the No-Contest Clause by challenging the validity of the

---

[54] Unlike Delaware, many jurisdictions have adopted a probable cause standard. *See* Third Restatement § 8.5 cmt. b (explaining that "the majority of decisions and statutes [] provide[] that a no-contest clause is valid and enforceable unless the challenge was based on probable cause"). Probable cause exists when, at the time the proceeding is instituted, a reasonable person would have cause to believe that there was a substantial likelihood that the challenge to the will or trust instrument would be successful. *Id.* cmt. c. Certain jurisdictions, including Florida, have statutory prohibitions against no-contest clauses. *See* Fla. Stat. Ann. § 732.517 ("A provision in a will purporting to penalize any interested person for contesting the will or instituting other proceedings relating to the estate is unenforceable."); Fla. Stat. Ann. § 736.1108(1) ("A provision in a trust instrument purporting to penalize any interested person for contesting the trust instrument or instituting other proceedings relating to a trust estate or trust assets is unenforceable.").

*In the Matter of the Helene Eicoff Barrington Living Trust*
*U/A/D June 29, 2015, as amended*
C.A. No. 2020-0782-PAF
December 13, 2024
Page 22 of 28

Barrington Trust Agreement in the Florida Barrington Trust Action. Accordingly, under the plain language of Section 3329(a), the No-Contest Clause is enforceable, unless one of the exceptions in Section 3329(b) applies.

Section 3329(b)(2), the exception at issue here, states that a no-contest clause is unenforceable as to "[a]ny action where the beneficiary is determined by the court to have prevailed substantially." 12 *Del. C.* § 3329(b)(2). In the Florida Barrington Trust Action, Leanne has voluntarily dismissed her claims. At this point in time, the Florida Barrington Trust Action has reached a conclusion.[55] Leanne obtained none of the relief she sought, and the Florida court made no findings regarding the validity of the Barrington Trust. Under the plain language of Section 3329(b)(2), Leanne has not prevailed substantially in the Florida Barrington Trust Action. As such, the exception is inapplicable, and the No-Contest Clause is enforceable under Section 3329.

---

[55] This court did not reach the issue of the enforceability of the No-Contest Clause when it issued the Stay Order. The court explained that it could not determine whether Leanne prevailed substantially in the Florida actions because "[n]one of the actions have reached a conclusion." Dkt. 30 at 17:17. Because Leanne has dismissed her claims in the Florida Barrington Trust Action and that proceeding has now concluded, the court can now decide this issue. The Trustees' pending fee application before the Florida court does not change the undisputed fact that Leanne dismissed her challenge to the Barrington Trust.

*In the Matter of the Helene Eicoff Barrington Living Trust*
*U/A/D June 29, 2015, as amended*
C.A. No. 2020-0782-PAF
December 13, 2024
Page 23 of 28

The fact that Leanne may reassert her challenge to the Barrington Trust in Florida does not alter the statutory analysis. Section 3329(a) states that "[a] provision of a . . . trust that if given effect would reduce or eliminate the interest of any beneficiary of such . . . trust who initiates . . . *an action* to contest the validity of such . . . trust or to set aside or vary the terms of such . . . trust shall be enforceable." 12 *Del. C.* § 3329(a) (emphasis added). Section 3329(b)(2) carves out any actions where the beneficiary has substantially prevailed. The statute does not, as Leanne argues, provide an exception for a beneficiary substantially prevailing in a wholly separate action, let alone an action that has not even been initiated. Such a construction runs afoul with the plain language of the statute, and the court rejects this unreasonable construction. *See Doroshow, Pasquale, Krawitz & Bhaya v. Nanticoke Mem'l Hosp., Inc.*, 36 A.3d 336, 343 (Del. 2012) ("We read statutes by giving language its reasonable and suitable meaning while avoiding patent absurdity. It is a well established rule of statutory interpretation that the law favors rational and sensible construction." (footnotes and internal quotation marks omitted)).[56]

---

[56] In addition, Leanne dismissed her claims in the Florida Barrington Trust Action in February 2024. To date, Leanne has not reasserted her claims. Separate from that, the No-Contest Clause would arguably be triggered again if Leanne refiled her claims in Florida, since it would be a separate action challenging the validity of the Barrington Trust Agreement. The No-Contest Clause contains broad language. *See, e.g.*, Barrington Trust Agreement §14.1(a) ("Contests the Will of the Grantor, the Living Trust Agreement, or

*In the Matter of the Helene Eicoff Barrington Living Trust*
*U/A/D June 29, 2015, as amended*
C.A. No. 2020-0782-PAF
December 13, 2024
Page 24 of 28

Leanne's third argument is that she can still substantially prevail in the Delaware Barrington Trust Action, triggering the safe harbor under Section 3329(b)(2).[57] The Trustees argue that Leanne is estopped to argue that the Delaware Barrington Trust Action is dispositive because she previously represented that the Delaware Barrington Trust Action was a placeholder, and that "Florida is the real battleground" for the underlying disputes.[58]

"Judicial estoppel prevents a litigant from advancing an argument that contradicts a position previously taken by that same litigant, and that [a court] was persuaded to accept as the basis for its ruling." *In re Silver Leaf, L.L.C.*, 2004 WL

---

this [Barrington] Trust Agreement or, *in any manner, attacks or seeks to impair or invalidate any of the provisions thereof*[.]" (emphasis added)); *id.* § 14.1(i)(iii) ("[S]eeks to impair or invalidate . . . *any trust* that the Grantor created or may create during the Grantor's lifetime or *any provision thereof*[.]" (emphasis added)); *see Doris P. Glenn Revocable Tr.*, C.A. No. 2019-0498-JRS, at 39:15–22 (concluding that "[t]he plain language of the in terrorem clause at issue [] is extremely broad by any measure" where the clause contained language stripping beneficiaries of their interests in the trust if they "endeavor in any manner to contest" the governing instruments of the trust, the settlor's capacity to enter into the trust, or any transaction entered into by the trustees of the trust (internal quotation marks omitted)).

[57] Resp't's Answering Br. 8–10.

[58] Pet'rs' Opening Br. 11 n.4 (internal quotation marks omitted). Leanne argues that the court should not consider the Trustees' "improper attempt to dispose of an entirely different action in a footnote[.]" Resp't's Answering Br. 9. Leanne's argument misses the mark. The Trustees' argument is that the Delaware Barrington Trust Action does not affect the statutory analysis. Pet'rs' Reply Br. 6–7. The Trustees are not attempting to dispose of that action as Leanne contends.

*In the Matter of the Helene Eicoff Barrington Living Trust*
*U/A/D June 29, 2015, as amended*
C.A. No. 2020-0782-PAF
December 13, 2024
Page 25 of 28

1517127, at *2 (Del. Ch. June 29, 2004) (alteration in original) (quoting *Siegman v. Palomar Med. Techs., Inc.*, 1998 WL 409352, at *3 (Del. Ch. July 13, 1998)). "Judicial estoppel is an equitable doctrine designed to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Id.* (internal quotation marks omitted).

Leanne has previously represented to this court that she filed the Delaware Barrington Trust Action out of an abundance of caution to preserve her statutory rights. For example, in her petition in the Delaware Barrington Trust Action, Leanne stated:

> The Florida Action suffices as a "judicial proceeding" under 12 *Del. C.* § 3546. Nevertheless, *out of an abundance of caution and to reserve her rights*, Leanne is filing this action to guard against any contention that 12 *Del. C.* § 3546 somehow requires the requisite "judicial proceeding" to be filed in Delaware.[59]

> Because the Florida Action suffices as a "judicial proceeding" under 12 *Del. C.* § 3546, because the Florida Action was filed before this action, and because the Other Florida Actions are ongoing in Florida, Leanne will also be filing shortly hereafter a motion to stay this action.[60]

In support of her motion to stay the Delaware Barrington Trust Action, Leanne stated:

---

[59] Delaware Barrington Trust Action, Dkt. 1 ¶ 37 (emphasis added).

[60] *Id.* ¶ 38.

*In the Matter of the Helene Eicoff Barrington Living Trust*
*U/A/D June 29, 2015, as amended*
C.A. No. 2020-0782-PAF
December 13, 2024
Page 26 of 28

Twice *on the face* of the Delaware Petition, Leanne stated that she was filing the Delaware Petition in an abundance of caution only. Leanne additionally took pains to make clear that she would proceed in Florida, and that she would seek relief or proceed in Delaware only if necessary pursuant to 12 *Del. C.* § 3546. Leanne also stated clearly in her request for relief that she would seek to stay this matter.[61]

In support of her motion to stay the Instruction Action, Leanne stated:

[T]he facts material to such an instruction—*i.e.*, the validity of the underlying instrument—will not be fixed until such time as the Florida Barrington [Trust] Action is finally adjudicated. Thus, this action should not proceed—if ever—until after the Florida Barrington [Trust] Action is decided. . . . *Florida is the real battleground in this matter*[.][62]

This court relied on these representations when issuing the Stay Order.[63] Leanne, therefore, is judicially estopped to argue that the Delaware Barrington Trust Action

---

[61] Delaware Barrington Trust Action, Dkt. 8 ¶ 5 (emphasis in original) (footnotes omitted).

[62] Dkt. 8 at 16–17 (emphasis added) (footnotes omitted). Leanne has continued to refer to the Delaware Barrington Trust Action as a protective suit throughout the course of these proceedings, including in her opposition to the Motion. *See* Resp't's Answering Br. 3 ("Two days later, on October 29, 2020, Ms. Eicoff filed her Petition to Invalidate Trust Instrument in this Court, C.A. No. 2020-0925-PAF, as an additional protective suit to ensure that her time to challenge the Barrington Trust would not be time-barred pursuant to 12 *Del. C.* § 3546[.]").

[63] *See, e.g.*, Dkt. 30 at 8:13–22 ("Leanne was concerned that an interpretation of Section 3546 might require the judicial proceeding to be initiated in Delaware, so she filed the same action in this Court on October 14, 2020, . . . explaining the precautionary nature of the petition [and] stating that she would shortly move for a stay. Leanne did the same thing for the Barrington Trust[.]"); *id.* at 12:9–17 ("The Delaware actions were essentially placeholders, filed within the 120-day deadline, that would preserve Leanne's rights in the event that Section 3546 only permits judicial proceedings in Delaware. Leanne has consistently shown a preference to bring her actions in Florida. She advised the Trustees

*In the Matter of the Helene Eicoff Barrington Living Trust*
*U/A/D June 29, 2015, as amended*
C.A. No. 2020-0782-PAF
December 13, 2024
Page 27 of 28

is an avenue for which she can substantially prevail after dismissing her claims in the Florida Barrington Trust Action.

After considering Leanne's arguments, the court concludes that there is no genuine issue of material fact as to the No-Contest Clause, and the Trustees' petition for instruction can be decided as a matter of law. Leanne filed various actions in Florida challenging the Barrington Trust, the Living Trust, and the Will. These actions each triggered the No-Contest Clause. Leanne dismissed her claims in the Florida Barrington Trust Action, and she did not prevail substantially in that action. The safe harbor in Section 3329(b)(2) is inapplicable, and the No-Contest Clause is enforceable. The Trustees are entitled to an instruction that Leanne has forfeited her interest in the Barrington Trust.

---

and the Court of the Delaware actions' placeholder nature when she filed her petitions." (cleaned up)).

*In the Matter of the Helene Eicoff Barrington Living Trust*
*U/A/D June 29, 2015, as amended*
C.A. No. 2020-0782-PAF
December 13, 2024
Page 28 of 28

**III.     CONCLUSION**

Accordingly, the Motion is granted.

IT IS SO ORDERED.

Very truly yours,

*/s/ Paul A. Fioravanti, Jr.*

Vice Chancellor

PAF/dtw

cc:     All counsel of record (by *File & ServeXpress*)